IN THE CIRCUIT COURT  FOR MONTGOMERY COUNTY, MARYLAND

CORENLIUS  BRYANT  and  DAROLD
KELLY, on behalf of themselves and all others
similarly situated,

                    Plaintiffs,                   CIVIL NO.:

v.                                     CLASS REPRESENTATION

GEICO CASUALTY COMPANY and GEICO
GENERAL INSURANCE COMPANY,
  Serve:  Maryland Insurance Commission
          200 St. Paul Street, Suite 2700
          Baltimore, Maryland  21202

                    Defendants.

_____/

## CLASS ACTION COMPLAINT

Come now, Plaintiffs CORNELIUS BRYANT and DAROLD KELLY and file suit against the above-named Defendants respectively, GEICO CASUALTY COMPANY ("GEICO CASUALTY") and GEICO GENERAL INSURANCE COMPANY ("GEICO GENERAL") and (together "Defendants"), on behalf of themselves and all others similarly situated, by and through counsel, and in support thereof state the following:

## NATURE OF THE ACTION

1.    This is a class action brought pursuant to Maryland Rule 2-231 for monetary, declaratory, and injunctive relief against Defendants, seeking redress for their routine and systematic breach of Defendants' standard form automobile insurance contracts and violation of Maryland law.

2.    Defendants advertised, solicited, sold, and issued automobile insurance policies to Plaintiffs and members of the putative class in the State of Maryland (the "Policies"), which provide Uninsured Motorist coverage ("UM Coverage").

3.     The Policies offered to pay for legally recoverable losses and damage to insured vehicles under the UM Coverage.

4.     Specifically, under the UM Coverage section of the Policies, Defendants promise to "pay damages for bodily injury and property damage caused by an accident which the insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle arising out of the ownership, maintenance or use of that vehicle."

5.     All automobile insurance policies issued in Maryland such as those sold by Defendants must provide uninsured motorist coverage that comports with the requirements of Md. Ins. Code Art. § 19-509, including the requirement that minimum coverage provide at least the same as that provided in Maryland Automobile Insurance Fund (MAIF) policies pursuant to the Maryland Insurance Code Title 20, Subtitle 6 and the amounts required by Title 17 of the Transportation Article.

6.     Maryland law also requires that automobile insurance policies such as those sold by Defendants offer an amount of uninsured motorist coverage equal to the liability coverage provided in their Maryland policies. *See* Md. Ins. Code Art. § 19-509(e)(2).

7.     When certain vehicles sustain damage, they cannot be repaired to their pre-accident condition and as a result are tangibly different than they were pre-accident. This causes the vehicles to suffer a loss in value called "diminished value."

8.     In Maryland, any person whose vehicle has a diminished value caused by a collision is entitled to recover the diminished value of the vehicle in addition to the cost of repairs of the vehicle. *See Fred Frederick Motors, Inc. v. Krause*, 12 Md. App. 62, 66–67, 277 A.2d 464, 467 (1971) ("if the plaintiff can prove that after repairs his vehicle has a diminished market value from

being injured, then he can recover in addition to the cost of repairs the diminution in market value. . . .").

9.     Diminished value damages are not identified or described as a specific exclusion in the "Exclusions" portion of the Liability Section of the Policies.

10.     Similarly, Defendants do not state that the limit of liability for property damage will not include diminished value in the Liability Section of the Policies.

11.     Under Maryland law, Defendants are prohibited from excluding coverage for diminished value property damages because the Maryland Legislature has not expressly authorized such an exclusion.  To do so would also violate the public policy of the State of Maryland by not providing the full coverage required by Maryland law.

12.     Therefore, under the terms of the Policies, UM Coverage and Maryland law, Plaintiffs and members of the putative classes were legally entitled to recover the diminished value of their vehicles in addition to any repair costs.

13.     Notwithstanding their uniform contractual commitment to pay for all damages their insureds are legally entitled to recover from an uninsured motorist and the provisions of Md. Ins. Code Art. § 19-509, Defendants have routinely and systematically failed to adjust UM claims to include any losses due to diminished value.

14.     Plaintiffs, on behalf of themselves and the members of the putative classes as defined herein, assert claims seeking monetary damages for Defendants' breaches of the Policies and violations of the law due to their failure to adjust UM claims to include any losses due to diminished market value.

15.     Plaintiffs, on behalf of themselves and the members of the putative classes as defined herein, assert claims for declaratory and injunctive relief regarding the legality and

propriety of Defendants' conduct of excluding diminished market value property damage from the Policies when the Maryland Legislature has not expressly authorized such an exclusion.

**PARTIES, JURISDICTION and VENUE**

16.    This is a class action for declaratory, injunctive, and monetary relief that exceeds this Court's minimum jurisdictional threshold of $30,000.00.

17.    Plaintiff Cornelius Bryant is a citizen and resident of the State of Maryland and at all material times was a GEICO CASUALTY insured under a policy of automobile insurance issued by GEICO CASUALTY in and for the State of Maryland for a vehicle registered in the State of Maryland.

18.    Plaintiff Darold Kelly is a citizen and resident of the State of Maryland and at all material times was a GEICO GENERAL insured under a policy of automobile insurance issued by GEICO GENERAL in and for the State of Maryland for a vehicle registered in the State of Maryland.

19.    All members of the proposed classes are insured under automobile policies issued by GEICO CASUALTY or GEICO GENERAL in and for the State of Maryland for vehicles registered in the State of Maryland, and as a result nearly all are Maryland residents and citizens.

20.    Defendant GEICO CASUALTY COMPANY is a Maryland corporation with its principal place of business located at 5260 Western Avenue, Chevy Chase, Montgomery County, MD 20815.

21.    Defendant GEICO GENERAL INSURANCE COMPANY is a Maryland corporation with its principal place of business located at 5260 Western Avenue, Chevy Chase, Montgomery County, MD 20815.

22.     Venue is proper in this Court because each Defendants' principal place of business is in Montgomery County, Defendants regularly conducts business in Montgomery County, and a substantial number of putative Class Members reside in Montgomery Country.

23.     All conditions precedent to the bringing of this action have occurred.

### FACTS PERTAINING TO THE NAMED PLAINTIFFS

### Cornelius Bryant

24.     On December 31, 2019, Plaintiff Bryant's 2016 Dodge Durango was damaged when it was involved in an accident with another vehicle operated by an unknown driver who fled the scene of the accident and could not be identified.

25.     Mr. Bryant's vehicle was therefore damaged by an uninsured "hit-and-run" motor vehicle as that term is defined in the UM Coverage section of Mr. Bryant's GEICO CASUALTY automobile insurance policy.

26.     GEICO CASUALTY accepted Mr. Bryant's claim as arising under the UM Coverage provisions of the Bryant Policy.  The vehicle required repairs totaling approximately $4,000.

27.     As a result of the damage suffered in the accident with the uninsured motorist vehicle, Mr. Bryant's vehicle was worth less after it was repaired than it was before the accident. Since the areas of repair and the fact of repaired damage can be detected by knowledgeable buyers, knowledgeable buyers know that after the accident the vehicle lacks the attributes of an undamaged vehicle, and the vehicle has a diminished value as a result of the accident, irrespective of any repairs that might, could, or were done to the vehicle.

28.     When Mr. Bryant presented his vehicle to have the loss adjusted and paid, GEICO CASUALTY did not adjust the loss to include diminished value. On at least one occasion Plaintiff

Bryant specifically demanded diminished value from GEICO CASUALTY under the UM Coverage provision of his GEICO CASUALTY automobile policy and provided evidence of diminished value in the amount of approximately $1,900.

29.    GEICO CASUALTY denied Mr. Bryant's claim for diminished value property damage and relied on a standard provision in the UM Coverage section of the Bryant Policy which states under the heading "LIMIT OF LIABILITY":

> The limit of Uninsured Motorists Property Damage Liability coverage stated in the Declarations is the total limit of our liability for all such damages, including damages for loss of use of an auto owned by *you*, sustained in any one accident. The limit of liability will not include diminished value of ***your insured auto***.

30.    The diminished value damages suffered by Mr. Bryant as a direct and proximate result of the accident on December 31, 2019, constituted cognizable property damage directly attributable to the accident and are property damages to which he was legally entitled.

31.    To the extent GEICO CASUALTY relies on the language provided in paragraph 29 above to exclude coverage for diminished value property damage, GEICO CASUALTY has included an illegal and invalid exclusion in its Policies, including the Bryant Policy, that is not expressly authorized by the Maryland Legislature and is in violation of Maryland's public policy by not providing the minimum coverage required by Maryland's Financial Responsibility Law.

32.    Additionally, and alternatively, by purporting to limit its liability to exclude diminished value property damages categorically under the UM Coverage section of the Bryant Policy, GEICO CASUALTY violates Md. Ins. Code Art. § 19-509(e)(2) because GEICO CASUALTY has not similarly limited its liability under Mr. Bryant's Liability Section, and under Maryland law, GEICO is required to offer an amount of uninsured motorist coverage equal to the liability coverage provided in its Policies.

33.     Additionally, and alternatively, by purporting to limit its liability to exclude diminished value property damages categorically, GEICO CASUALTY breaches the provision of the Bryant Policy that promises to "pay damages for bodily injury and property damage caused by an accident *which the insured is **legally entitled to recover*** from the owner or operator of an uninsured motor vehicle arising out of the ownership, maintenance or use of that vehicle."

34.     Mr. Bryant has fulfilled his obligations under the Bryant Policy including, but not limited to, the timely paying of any premiums due, the submission of proofs of loss, and any other information required by GEICO CASUALTY.

### Darold Kelly

35.     On July 4, 2021, Plaintiff Kelly's 2015 Dodge Durango was damaged when it was involved in an accident with another vehicle operated by an unknown driver who fled the scene of the accident and could not be identified.

36.     Mr. Kelly's vehicle was therefore damaged by an uninsured "hit-and-run" motor vehicle as that term is defined in the UM Coverage section of Mr. Kelly's GEICO GENERAL automobile insurance policy.

37.     GEICO GENERAL accepted Mr. Kelly's claim as arising under the UM Coverage provisions of the Kelly Policy.  The vehicle required repairs totaling approximately $8,700.

38.     As a result of the damage suffered in the accident with the uninsured motorist vehicle, Mr. Kelly's vehicle was worth less after it was repaired than it was before the accident. Since the areas of repair and the fact of repaired damage can be detected by knowledgeable buyers, knowledgeable buyers know that after the accident the vehicle lacks the attributes of an undamaged vehicle, and the vehicle has a diminished value as a result of the accident, irrespective of any repairs that might, could, or were done to the vehicle.

39.     When Mr. Kelly presented his vehicle to have the loss adjusted and paid, GEICO GENERAL did not adjust the loss to include diminished value. On at least one occasion, Plaintiff Kelly specifically demanded diminished value from GEICO GENERAL under the UM Coverage provision of the Kelly Policy and provided evidence of diminished value in the amount of approximately $3,255.

40.     GEICO GENERAL denied Mr. Kelly's claim for diminished value property damage and relied on a standard provision in the UM Coverage section of the Kelly Policy which states under the heading "LIMIT OF LIABILITY":

> The limit of Uninsured Motorists Property Damage Liability coverage stated in the Declarations is the total limit of our liability for all such damages, including damages for loss of use of an auto owned by *you*, sustained in any one accident. The limit of liability will not include diminished value of ***your insured auto***.

41.     The diminished value damages suffered by Mr. Kelly as a direct and proximate result of the accident on July 4, 2021, constituted cognizable property damage directly attributable to the accident and are property damages to which he was legally entitled.

42.     To the extent GEICO GENERAL relies on the language provided in paragraph 40 above to exclude coverage for diminished value property damage, GEICO GENERAL has included an illegal and invalid exclusion in its Policies, including the Kelly Policy, that is not expressly authorized by the Maryland Legislature and is in violation of Maryland's public policy by not providing the minimum coverage required by Maryland's Financial Responsibility Law.

43.     Additionally, and alternatively, by purporting to limit its liability to exclude diminished value property damages categorically under the UM Coverage section of the Kelly Policy, GEICO GENERAL violates Md. Ins. Code Art. § 19-509(e)(2) because GEICO GENERAL has not similarly limited its liability under Mr. Kelly's Liability Section, and under

Maryland law, GEICO GENERAL is required to offer an amount of uninsured motorist coverage equal to the liability coverage provided in its Policies.

44.     Additionally, and alternatively, by purporting to limit its liability to exclude diminished value property damages categorically, GEICO GENERAL breaches the provision of the Kelly Policy that promises to "pay damages for bodily injury and property damage caused by an accident *which the insured is **legally entitled to recover*** from the owner or operator of an uninsured motor vehicle arising out of the ownership, maintenance or use of that vehicle."

45.     Mr. Kelly has fulfilled his obligations under the above-described automobile policy including, but not limited to, the timely paying of any premiums due, the submission of proofs of loss, and any other information required by GEICO GENERAL.

## CLASS ACTION ALLEGATIONS

46.     Plaintiffs bring this action on behalf of themselves and all other persons similarly situated to secure redress for the Defendants' uniform, systematic, and common practice of failing to adjust or pay claims for diminished value under its Policies' UM Coverage. The Class Allegations contained herein pertain to both GEICO CASUALTY and GEICO GENERAL for the Classes described in paragraph 54 below.

47.     The causes of action alleged below, for declaratory and injunctive relief and for contractual damages, are appropriate for class action treatment and class certification pursuant to the governing and applicable rules of civil procedure, including Maryland Rules 2-231(b), 2-231(c)(1)(A), 2-231(c)(2) and 2-231(c)(3).

48.     This action is uniquely appropriate as a class action pursuant to Md. Rule 2-231(c)(2) because Plaintiffs seek declaratory and injunctive relief for the Classes arising out of actions undertaken by the Defendants, or failures to act, on grounds generally applicable to the

Classes, thereby making final class-wide injunctive relief or corresponding declaratory relief appropriate.

49.   The entitlement of Plaintiffs and the Classes to this relief will turn on the application of existing, unambiguous statutory language to uniform insurance policy forms, as implemented by practices, policies, and procedures of the Defendants.

50.   The monetary relief sought by the Classes for contractual damages likewise turns on the application of readily identifiable and objectively determinable facts and standards derivable from data and documents maintained by or on behalf of Defendants.

51.   This action is also appropriate for certification under Md. Rule 2-231(c)(3) because questions of law and fact common to Plaintiffs and the Class predominate over issues affecting individual members of the Classes, and resolution of these issues within a class action is the superior and manageable method to achieve fair and efficient adjudication of this controversy.

52.   Plaintiffs are members of the Classes as defined in paragraph 54 below, and properly allege these claims on their own behalf and on behalf of all similarly situated Class Members, against Defendants.

53.   The members of the Classes are readily identifiable from documents maintained by or on behalf of Defendants, thus permitting any appropriate notice to the Classes and convenient case management by the Court.

54.   A.   Plaintiff, CORNELIUS BRYANT alleges the causes of action below on his own behalf and on behalf of the following Class (the "Geico Casualty Class"), initially defined as:

All persons and/or entities who were:

1. GEICO CASUALTY insureds with Maryland automobile policies whose vehicles were damaged due to an accident with an uninsured motorist, and

2. Whose claims were accepted by GEICO CASUALTY as arising under the UM Coverage provision of their Maryland automobile policies, and

3. For whom GEICO CASUALTY or failed to adjust the property damage claim to include payment for post-repair diminished value damages.

B.    Plaintiff, DAROLD KELLY alleges the causes of action below on his own behalf and on behalf of the following Class (the "Geico General Class"), initially defined as:

All persons and/or entities who were:

1. GEICO GENERAL insureds with Maryland automobile policies whose vehicles were damaged due to an accident with an uninsured motorist, and

2. Whose claims were accepted by GEICO GENERAL as arising under the UM Coverage provision of their Maryland automobile policies, and

3. For whom GEICO GENERAL or failed to adjust the property damage claim to include payment for post-repair diminished value damages.

Excluded from the Classes are (a) claims involving leased vehicles or total losses and (b) the assigned judge any member of the assigned judge's immediate family.

### NUMEROSITY

55.    The proposed Classes are so numerous as to make individual joinder impractical. While the precise number of Class Members is presently unknown to Plaintiffs, research of publicly available information indicates that GEICO companies are the largest providers of automobile insurance in the State of Maryland, representing approximately twenty-four percent of the market share. On information and belief, GEICO CASUALTY and GEICO GENERAL process hundreds if not thousands of uninsured motorist insurance claims in Maryland every year,

and thus the number of members in the class is so numerous that joinder of individual Class Members is impracticable and inconsistent with the orderly and efficient administration of justice, and contrary to the public good.

## COMMONALITY

56.    The factual and legal bases of the claims are common to Plaintiffs and all putative Class Members and represent a common injury.

57.    The overriding nature of the claims presented by Plaintiffs and the Classes is founded on the question of whether the policies and practices of Defendants in refusing to adjust property damage claims to include payment for post-repair diminished value breaches the uninsured motorist provisions of their automobile insurance policies and violates applicable Maryland law. Included within the common questions of law and fact are:

a.    Whether Defendants were contractually obligated to provide payment for diminished value damages to its UM insureds;

b.    Whether Defendants breached its contracts of insurance with the Classes by refusing to adjust uninsured motorist property damage claims to include post-repair diminished value.

c.    Whether Plaintiffs and the Classes are entitled to declaratory and injunctive relief under CJP § 3-406;

d.    Whether the policy and practice of Defendants in refusing to adjust uninsured motorist property damage claims to include payment for post-repair diminished value violates the provisions of applicable Maryland law and the public policy of the State of Maryland because the Maryland Legislature has not expressly recognized the availability of such an exclusion,

e.    Whether the policy and practice of Defendants in refusing to adjust uninsured motorist property damage claims to include payment for post-repair diminished value violates the provisions of applicable Maryland law because Defendants have not similarly excluded such coverage under the Liability Sections of their Maryland policies.

58.     Defendants provide uninsured motorist coverage to Maryland policyholders using standard form insurance contracts whose coverage provisions do not substantively vary from policyholder to policyholder.

59.     When adjusting uninsured motorist claims, Defendants provide or deny coverage for specific items or categories of damages pursuant to uniform practices and standards that are applied in an identical manner by all claims' personnel dealing with Maryland insureds.  Indeed, Defendants have made a corporate decision to decline all post-repair diminished value damages.

60.     Uninsured motorist coverage is provided by Defendants to Maryland policyholders pursuant to a uniform statutory scheme that closely regulates the extent and limits of such coverage. Thus, Defendants Maryland automobile insurance policies must conform to a uniform and well-defined statutory standard.

61.     The specific question of the amount of damages due to Plaintiffs and each Class Member can be easily resolved by resort to objective documents and data utilized by Defendants in the ordinary course of business.

62.     Accordingly, common questions of law and fact predominate over individual questions, and a class action is the superior means to litigate the claims.

**TYPICALITY**

63.     The claims asserted by Plaintiffs are typical of the claims possessed by each Class Member and are capable of being asserted by each Class Member against Defendants.

64.     Specifically, like Plaintiffs, each Class Member is a covered insured under a uniform motor vehicle insurance policy issued by Defendants in the State of Maryland and under which Defendants refused to adjust uninsured motorist property damage claims to include payment for post-repair diminished value.

65.    Plaintiffs and each Class Member paid premiums and made a claim of property damage loss when their insured automobile was damaged in an accident with an uninsured motorist. Plaintiffs and each Class Member submitted timely claims and made their vehicles available to Defendants for determination and payment for the loss if Defendants so requested. Defendants accepted Plaintiffs and Class Members' claims as arising under the uninsured motorist provision of the Maryland policies, but then failed to adjust the loss to include post-repair diminished value.

66.    Plaintiffs and each Class Member are entitled to a declaration that Defendants' practice of refusing to adjust uninsured motorist property damage claims to include payment for post-repair diminished value is contrary to Maryland law and violates the provisions of the Maryland Statutes that require automobile insurance policies, such as those sold by Defendants, to offer an amount of uninsured motorist coverage equal to the liability coverage provided in their Maryland policies.

67.    Plaintiffs and each Class Member are entitled to an injunction prohibiting Defendants from interpreting its Maryland automobile insurance policies to contain an exclusion of diminished value property damages in uninsured motorist claims because the Maryland Legislature has not expressly recognized the availability of such an exclusion.

68.    Plaintiffs and each Class Member are objectively entitled to damages as a result of Defendants' failure to adjust uninsured motorist property damage claims to include payment for post-repair diminished value, an amount which can be objectively established with reference to documents and data Defendants maintains in the ordinary courts of their business.

69.    The named Plaintiffs are members of the Classes they seek to represent. The named Plaintiffs' claims are typical of the claims of the Classes, and the proof required of the named Plaintiffs to prevail in this action is the same as would be required of each absent Class Member.

## FAIR AND ADEQUATE REPRESENTATION OF THE CLASS

70.    The named Plaintiffs have a true stake in this case and will fairly and adequately represent, protect, and prosecute the interests of each Class Member and likewise have the willingness and capacity to do so.

71.    The named Plaintiffs are capable of fairly representing themselves and the Class Members who have been similarly impacted.

72.    Furthermore, Plaintiffs have engaged competent counsel knowledgeable in class actions and litigation of insurance issues.

73.    Plaintiffs have no interests actually or potentially adverse to those of the putative Class Members. Due to the alignment of interests, the named Plaintiffs will also ensure the same degree of prosecution of the commonly held claims of the Class Members.

74.    Plaintiffs are members of the Classes described in paragraph 54 above and properly allege these claims on their own behalf and on behalf of the Class Members who are similarly situated, against Defendants.

## SPECIFIC PROVISIONS OF RULE 2-231
## UNDER WHICH CERTIFICATION IS SOUGHT

### RULE 2-231(c)(1)

75.    The nature of the class claims are ones where prosecuting separate actions by each individual Class Member creates a very real risk of inconsistent and varying adjudications with respect to the individual Class Members. Inconsistent results from different trial courts would

provide incompatible and differing signals as to ongoing conduct by Defendants issuing Maryland automobile policies and adjusting uninsured motorist property damage claims.

76.     Differing rulings from different trial courts interpreting whether Defendants' conduct of excluding diminished value damages is lawful would not lend themselves to certainty in conduct for Plaintiffs, for Class Members, or for Defendants.

77.     If the proposed class claims were litigated separately, Plaintiffs and individual Class Members would run the risk of being bound by an adverse ruling which might become dispositive of the interests of the individual Class Members or would be used as an argument to impede individual claims.

## RULE 2-231(c)(2)

78.     Defendants have acted or refused to act on grounds or in a manner generally applicable to all Class Members.

79.     The question of whether Defendants' practice of refusing to adjust uninsured motorist property damage claims to include payment for post-repair diminished value complies with applicable Maryland statutes and the provisions of Defendants' own insuring agreements is a question of law that applies to all Class Members. Judicial economy is served by concentrating the litigation and resolving these questions in a single action.

80.     Plaintiffs, for themselves and Class Members, are seeking to correct a pervasive and ongoing wrong committed by Defendants in a manner that will allow a definite and binding resolution that does not require continual re-litigation of the same issues in individual lawsuits. This will result in a benefit to all involved, including Defendants.

81.     Plaintiffs seek declaratory and injunctive relief requiring Defendants to stop the intentional practice of refusing to adjust uninsured motorist property damage claims to include

payment for post-repair diminished value in violation of Maryland law, which unfairly deprives policyholders of the full protection of Maryland's compulsory automobile insurance statutory scheme and which places the burden on policyholders to undertake additional steps to obtain benefits that should be automatically available by law.

### RULE 2-231(c)(3)

82.    The questions of fact and law that are common to Plaintiffs and all Class Members include the common issues identified in paragraph 56 through 62 above.

83.    The issues common to the Classes predominate over any questions potentially affecting only individual members.

84.    Individualized determinations will be avoided because the existence of claims for post-repair diminished value property damage can be objectively determined by reference to the claims handling systems as well as data and documents Defendants maintain in the ordinary course of their business.

85.    Identification of Class Members can be made objectively by reference to Defendants' systems, data, and documents.

86.    The monetary amount due each Class Member can be determined with reference to objective data, information, and analysis for determining aggregate class-wide damages which incorporate objective and observable rationales for market devaluations for vehicles with repaired accident damage. Such valuation questions will ultimately present common and predominating issues of law and fact.

87.    A class action is superior to other methods for fairly and efficiently adjudicating this controversy. Absent a ruling from this Court with class-wide implications, Defendants will

continue refusing to adjust uninsured motorist property damage claims to include payment for post-repair diminished value.

**COUNT I**
**BREACH OF CONTRACT**
**Geico Casualty**

88.     Plaintiff Bryant, for himself and for the members of the Geico Casualty Class, re-alleges and incorporates herein paragraphs 1 through 87 as if set forth fully herein.

89.     Plaintiff Bryant and all Class Members entered into contracts of automobile insurance with GEICO CASUALTY that include standard form language providing coverage for accidents with uninsured motorists.

90.     Plaintiff Bryant and all Class Members paid all required consideration in the form of premiums for the coverage afforded by the GEICO CASUALTY policy and complied with all conditions precedent under the policy. As to each claim, GEICO CASUALTY found coverage to exist and apply, and that all conditions precedent to payment to be satisfied.

91.     The UM Coverage section of the GEICO CASUALTY policy promises to "pay damages for bodily injury and property damage caused by an accident which the insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle arising out of the ownership, maintenance or use of that vehicle."

92.     In Maryland, any person whose vehicle has a diminished market value caused by a collision is legally entitled to recover the diminished market value of the vehicle in addition to the cost of repairs of the vehicle.

93.     Under Maryland law, GEICO CASUALTY is prohibited from excluding coverage for diminished value property damages because the Maryland Legislature has not expressly authorized such an exclusion.

94.     Maryland law further requires that automobile insurance policies such as the Policies sold by GEICO CASUALTY offer an amount of uninsured motorist coverage equal to the liability coverage provided in its Maryland policies. *See* Md. Ins. Code Art. § 19-509(e)(2).

95.     Diminished value damages are not identified or described as a specific exclusion in the "Exclusions" portion of the Liability Section of the GEICO CASUALTY Maryland automobile policies.

96.     Similarly, GEICO CASUALTY does not state that the limit of liability for property damage will not include diminished value in the Liability Section of the Maryland automobile policies.

97.     Therefore, under the terms of the Policies and Maryland law, Plaintiff Bryant and members of the putative class were legally entitled to recover the diminished market value of their vehicles, in addition to any repair costs.

98.     Plaintiff Bryant made a claim for uninsured motorist property damages and GEICO CASUALTY accepted his claim as arising under the UM provision of the automobile policy but refused to adjust the claim to include post-repair diminished value damages.

99.     GEICO CASUALTY has a uniform practice of declining to adjust property damage claims to include diminished value of the vehicles for all its Maryland policyholders who sustain those damages in accidents with uninsured motorists.

100.    GEICO CASUALTY's declination of uninsured motorist coverage for diminished value property damages is a breach of its contractual obligations owed to Plaintiff Bryant and all Class Members.

101.    As a direct and foreseeable consequence of GEICO CASUALTY's conduct, Plaintiff and Class Members have been damaged by receiving less than they would have received

had GEICO CASUALTY paid the amounts Plaintiff and Class Members have contracted for, in an amount to be determined at trial.

WHEREFORE, Plaintiff Bryant seeks judgment, on behalf of himself and all Geico Casualty Class Members, for damages in an amount in excess of Thirty Thousand Dollars ($30,000.00), costs and reasonable attorneys' fees for the successful prosecution of this action, plus such other and further relief as this Court deems appropriate.

**COUNT II**
**BREACH OF CONTRACT**
**Geico General**

102.    Plaintiff Kelly, for himself and for the members of the Geico General Class, re-alleges and incorporates herein paragraphs 1 through 87 as if set forth fully herein.

103.    Plaintiff Kelly and all Class Members entered into contracts of automobile insurance with GEICO GENERAL that include standard form language providing coverage for accidents with uninsured motorists.

104.    Plaintiff Kelly and all Class Members paid all required consideration in the form of premiums for the coverage afforded by the GEICO GENERAL policy and complied with all conditions precedent under the policy. As to each claim, GEICO GENERAL found coverage to exist and apply, and that all conditions precedent to payment to be satisfied.

105.    The UM Coverage section of the GEICO GENERAL policy promises to "pay damages for bodily injury and property damage caused by an accident which the insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle arising out of the ownership, maintenance or use of that vehicle."

106.    In Maryland, any person whose vehicle has a diminished market value caused by a collision is legally entitled to recover the diminished market value of the vehicle in addition to the cost of repairs of the vehicle.

107.    Under Maryland law, GEICO GENERAL is prohibited from excluding coverage for diminished value property damages because the Maryland Legislature has not expressly authorized such an exclusion.

108.    Maryland law further requires that automobile insurance policies such as the Policies sold by GEICO GENERAL offer an amount of uninsured motorist coverage equal to the liability coverage provided in its Maryland policies. *See* Md. Ins. Code Art. § 19-509(e)(2).

109.    Diminished value damages are not identified or described as a specific exclusion in the "Exclusions" portion of the Liability Section of the GEICO GENERAL Maryland automobile policies.

110.    Similarly, GEICO GENERAL does not state that the limit of liability for property damage will not include diminished value in the Liability Section of the Maryland automobile policies.

111.    Therefore, under the terms of the Policies and Maryland law, Plaintiff Kelly and members of the putative class were legally entitled to recover the diminished market value of their vehicles, in addition to any repair costs.

112.    Plaintiff Kelly made a claim for uninsured motorist property damages and GEICO GENERAL accepted his claim as arising under the UM provision of the automobile policy but refused to adjust the claim to include post-repair diminished value damages.

113.    GEICO GENERAL has a uniform practice of declining to adjust property damage claims to include diminished value of the vehicles for all its Maryland policyholders who sustain those damages in accidents with uninsured motorists.

114.    GEICO GENERAL's declination of uninsured motorist coverage for diminished value property damages is a breach of its contractual obligations owed to Plaintiff Kelly and all Class Members.

115.    As a direct and foreseeable consequence of GEICO GENERAL's conduct, Plaintiff and Class Members have been damaged by receiving less than they would have received had GEICO GENERAL paid the amounts Plaintiff and Class Members have contracted for, in an amount to be determined at trial.

WHEREFORE, Plaintiff Kelly seeks judgment, on behalf of himself and all Geico General Class Members, for damages in an amount in excess of Thirty Thousand Dollars ($30,000.00), costs and reasonable attorneys' fees for the successful prosecution of this action, plus such other and further relief as this Court deems appropriate.

<u>**COUNT III**</u>
<u>**DECLARATORY JUDGMENT – CJP § 3-406**</u>
<u>**Geico Casualty**</u>

116.    Plaintiff Bryant, for himself and for the members of the Geico Casualty Class, re-alleges and incorporates herein paragraphs 1 through 87 as if set forth fully herein.

117.    Plaintiff Bryant and all Class Members are policyholders of GEICO CASUALTY and have asserted claims for damages pursuant to the uninsured motorist provisions of such policies.

118.    GEICO CASUALTY has uniformly failed to adjust policyholders' claims under its uninsured motorist coverages to include property damage in the form of post-repair diminished value damages.

119.    All GEICO CASUALTY automobile insurance policies issued in Maryland must provide uninsured motorist coverage that comports with the requirements of Md. Ins. Code Art. § 19-509, including the requirement that minimum coverage provide at least the same as that provided in Maryland Automobile Insurance Fund (MAIF) policies pursuant to the Maryland Insurance Code Title 20, Subtitle 6 and the amounts required by Title 17 of the Transportation Article.

120.    Under Maryland law, GEICO CASUALTY is prohibited from excluding coverage for diminished value property damages because the Legislature has not expressly authorized such an exclusion.

121.    Maryland law also requires that automobile insurance policies such as those sold by GEICO CASUALTY offer an amount of uninsured motorist coverage equal to the liability coverage provided in its Maryland policies. *See* Md. Ins. Code Art. § 19-509(e)(2).

122.    Diminished value damages are not identified or described as a specific exclusion in the "Exclusions" portion of the Liability Section of the GEICO CASUALTY Maryland automobile policies.

123.    Similarly, GEICO CASUALTY does not state that the limit of liability for property damage will not include diminished value in the Liability Section of the Maryland automobile policies.

124.    In refusing to adjust Plaintiff Bryant's and Class Members' claims for diminished value property damage GEICO CASUALTY relies on a provision in the UM section of the insurance policy which states under the heading "LIMIT OF LIABILITY":

> The limit of Uninsured Motorists Property Damage Liability coverage stated in the Declarations is the total limit of our liability for all such damages, including damages for loss of use of an auto owned by **you**, sustained in any one accident. The limit of liability will not include diminished value of **your insured auto**.

125.    To the extent GEICO CASUALTY relies on the language provided in paragraphs 29 and 124 above to exclude coverage for diminished value property damage, GEICO CASUALTY has included an illegal and invalid exclusion in its Maryland automobile insurance policies that is not expressly authorized by the Legislature.

126.    An actual controversy exists between Plaintiff, all Class Members and GEICO CASUALTY as to the scope of coverage that is provided under the standard GEICO CASUALTY uninsured motorist coverage provisions and as to whether GEICO CASUALTY's interpretation of its available coverage comports with Maryland law.

**COUNT IV**
**DECLARATORY JUDGMENT – CJP § 3-406**
**Geico General**

127.    Plaintiff Kelly, for himself and for the members of the Geico General Class, re-alleges and incorporates herein paragraphs 1 through 87 as if set forth fully herein.

128.    Plaintiff Kelly and all Class Members are policyholders of GEICO GENERAL and have asserted claims for damages pursuant to the uninsured motorist provisions of such policies.

129.    GEICO GENERAL has uniformly failed to adjust policyholders' claims under its uninsured motorist coverages to include property damage in the form of post-repair diminished value damages.

130.    All GEICO GENERAL automobile insurance policies issued in Maryland must provide uninsured motorist coverage that comports with the requirements of Md. Ins. Code Art. § 19-509, including the requirement that minimum coverage provide at least the same as that provided in Maryland Automobile Insurance Fund (MAIF) policies pursuant to the Maryland Insurance Code Title 20, Subtitle 6 and the amounts required by Title 17 of the Transportation Article.

131.    Under Maryland law, GEICO GENERAL is prohibited from excluding coverage for diminished value property damages because the Legislature has not expressly authorized such an exclusion.

132.    Maryland law also requires that automobile insurance policies such as those sold by GEICO GENERAL offer an amount of uninsured motorist coverage equal to the liability coverage provided in its Maryland policies. See Md. Ins. Code Art. § 19-509(e)(2).

133.    Diminished value damages are not identified or described as a specific exclusion in the "Exclusions" portion of the Liability Section of the GEICO GENERAL Maryland automobile policies.

134.    Similarly, GEICO GENERAL does not state that the limit of liability for property damage will not include diminished value in the Liability Section of the Maryland automobile policies.

135.    In refusing to adjust Plaintiff Kelly's and Class Members' claims for diminished value property damage GEICO GENERAL relies on a provision in the UM section of the insurance policy which states under the heading "LIMIT OF LIABILITY":

> The limit of Uninsured Motorists Property Damage Liability coverage stated in the Declarations is the total limit of our liability for all such damages, including damages for loss of use of an auto owned by *you*, sustained in any one accident. The limit of liability will not include diminished value of *your insured auto*.

136.    To the extent GEICO GENERAL relies on the language provided in paragraphs 40 and 135 above to exclude coverage for diminished value property damage, GEICO GENERAL has included an illegal and invalid exclusion in its Maryland automobile insurance policies that is not expressly authorized by the Legislature.

137.    An actual controversy exists between Plaintiff, all Class Members and GEICO GENERAL as to the scope of coverage that is provided under the standard GEICO GENERAL uninsured motorist coverage provisions and as to whether GEICO GENERAL's interpretation of its available coverage comports with Maryland law.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, request this Court enter judgment against GEICO CASUALTY and GEICO GENERAL and in favor of Plaintiffs and the Classes and award the following relief:

A.    Certification of the proposed Classes under Maryland Rules 2-231(b), 2-231(c)(1)(A), 2-231(c)(2) and 2-231(c)(3);

B.    Appointment of Plaintiffs as representatives of the proposed Classes;

C.    Appointment of the undersigned counsel as Class counsel;

D.    Finding that Defendants' conduct constitutes a breach of contract;

E.    Finding that Defendants' conduct constitutes of violation of Maryland law with respect to claims for post-repair diminished value property damages arising under Defendants' automobile insurance policy uninsured motorist coverage;

F.    Award injunctive relief and a declaratory judgment to conform the UM Coverage in the Policies to the requirements of Maryland law;

G.    Award monetary relief to Plaintiffs and the Classes, including compensatory damages, costs, and reasonable attorneys' fees;

H.    Award such other and further judiciary determinations and relief as the Court may

deem appropriate.

**<u>JURY DEMAND</u>**

Plaintiffs request a trial by jury on all issues so triable.

ASHCRAFT & GEREL, LLP

Robert G. Samet, Esquire
CPF#7612010295
8403 Colesville Road, Suite 1250
Silver Spring, MD 20910
PH: (301)770-3737 / FAX: (301)881-6132
rsamet@ashcraftlaw.com